QUINNELL and wife, Respondents, vs. BOWEN and another, Appellants.

*October 9—November 14, 1944.*

For the appellants there was a brief by *Wilcox, Wilcox & Sullivan* of Eau Claire, and oral argument by *Francis J. Wilcox.*

For the respondents there was a brief by *Stafford & Stafford* of Chippewa Falls, and oral argument by *Harold E. Stafford.*

FOWLER, J.   The action is to recover for injuries sustained in an automobile collision on a highway.  The plaintiffs, husband and wife, were traveling on a highway in an automobile in a westerly direction.  Three cars were traveling east.  Defendant Bowen was driving the middle of the eastbound cars.  Plaintiffs' and defendant's car were traveling in lines nearly parallel and collided in a sideswipe.  No injuries resulted from this collision.  The injuries involved resulted from a head-on collision of plaintiffs' car with the third eastbound car.

The jury found both drivers causally negligent as to lookout and being off side and fixed their comparative negligence, Bowen, sixty per cent and plaintiff husband, forty per cent.  Each of these parties moved for change of the answers finding him negligent because not supported by the evidence.  The court denied the motions and awarded plaintiff husband judgment for sixty per cent of the damages assessed by the jury.

The jury found the wife not negligent as to lookout or for not protesting as to the manner in which her husband drove his car.  The defendants moved for change of these answers.  The court granted judgment to the wife for the full amount of the damages assessed to her by the jury.

We consider that the findings of the jury as to the negligence of the drivers of the colliding cars are supported by the evidence.  The collision occurred in the nighttime.  It was snowing and blowing.  The snow was damp.  The road was

paved with concrete to a width of twenty feet and had shoulders on each side four or five feet wide. It was slippery with wet snow and was straight and level a "considerable distance" at the place of collisions. All four cars mentioned were properly lighted. The defendant's car was traveling about two hundred fifty feet ahead of the third eastbound car. The jury found that the speed of neither car was excessive.

The appellants claim that as both parties were found negligent in precisely the same respects and the conditions to which both drivers were subjected were the same, there is no ground for finding the defendant driver more negligent than the plaintiff driver. There was testimony that as the two colliding cars neared each other the defendant Bowen swung his lights into the plaintiff's face. The jury might believe this testimony. The plaintiff's car continued straight ahead. The jury might from this reasonably infer that the defendant driver's negligence as to lookout was greater than that of the plaintiff. Every reasonable intendment must be given to the jury's finding. We consider that the jury's finding as to comparative negligence was properly sustained by the trial court.

As to the finding of the jury as to the contributory negligence of plaintiff's wife, we consider that it is sustained. She was sitting in the front seat of the automobile, and there is testimony that wet snow stuck on the windshield in front of her, while in front of the driver it was clear. This might in the mind of the jury exonerate her from negligence as to lookout while they found the driver negligent in that respect, even if she were held to the same degree of attention as to lookout as was the plaintiff.

It is claimed by the defendants that a new trial should have been granted by the trial court because the damages awarded are excessive but the trial court considered them within the province of the jury to assess, and we cannot say that they are not.

It is also claimed that a new trial should have been ordered in the interest of justice, but as we find it supported by the evidence and perceive no indication of perverseness or misconduct on the part of the jury their verdict must stand.

*By the Court.*—The judgment of the circuit court is affirmed.